IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CIVIL ACTION NO.** |
| v. ) | 2:19-CV-657 |
| ) | |
| ) | **COMPLAINT** |
| **ALLSTATE BEVERAGE COMPANY, LLC,** ) | |
| ) | |
| ) | |
| ) | **JURY TRIAL DEMAND** |
| **Defendant.** ) | |

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990, as amended ("ADA") and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices. As alleged with greater particularity in paragraphs 12 through 26 below, Plaintiff U.S. Equal Employment Opportunity Commission ("Plaintiff" or "EEOC") alleges that Defendant Allstate Beverage Company, LLC ("Defendant" or "Allstate") violated the ADA by failing to provide Charging Party Jimmy Freeman with reasonable accommodation of his disability and terminating him from his employment on the basis of his disability.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §12117(a), which incorporates by reference Sections 706 (f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C

§2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Middle District of Alabama, Northern Division.

## PARTIES

3. Plaintiff EEOC is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title I of the ADA, and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. §12117(a), which incorporates by reference Sections 706(f)(1) and (3), 42 U.S.C §2000e-5(f)(1) and (3).

4. At all relevant times, Defendant has continuously been doing business in the State of Alabama and the City of Montgomery, and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 101(5), 42 U.S.C. §§12111(5), and 101(7) of the ADA, 42 U.S.C. §§12111 (7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S. C. §§ 2000e(g) and (h).

6. At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## ADMINISTRATIVE PROCEDURES

7. More than thirty days prior to the institution of this lawsuit, Freeman filed a charge with the Commission alleging violations of the ADA by Defendant.

8. On June 4, 2019, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that the ADA was violated and inviting Defendant to join the

Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

9. In its efforts to conciliate, the Commission engaged in communications with Defendant to provide it with the opportunity to remedy the discriminatory practices described in the Letter of Determination. The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

10. On July 3, 2019, the Commission issued to Defendant a Notice of Failure of Conciliation advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

11. All conditions precedent to the institution of the lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

12. From approximately March 2018 through July 2018, Defendant engaged in unlawful employment practices at its Montgomery, Alabama facility by failing to provide Freeman with reasonable accommodation of his disability and terminated him from his employment on the basis of his disability, in violation of Sections 102(a) and 102(b)(5)(A) of Title I of the ADA, 42 U.S.C. §§ 12112(a) and (b)(5)(A).

13. Freeman is a qualified individual with a disability who could perform the essential functions of his job with or without an accommodation. He began working at Allstate around August 2011. He was employed by Allstate as a point of sale warehouse administrator ("POS administrator") at Allstate's Montgomery facility. At all times, he performed his job in at least a satisfactory manner.

14. On or around March 6, 2018, Freeman was hospitalized because of a pulmonary embolism. Freeman notified Defendant that he had been hospitalized because of his medical condition.

15. The next day, a representative from Defendant came to the hospital and provided Freeman with Family and Medical Leave (FMLA) paperwork. Freeman submitted the completed paperwork to Defendant on or around March 14, 2018.

16. On or around April 27, 2018, while Freeman was on FMLA leave, Defendant requested that Freeman's physician complete a fitness-for-duty document.

17. On or about May 2, 2018, Freeman's physician completed and submitted the requested document. In it, Freeman's physician noted that Freeman could perform his job with the following accommodations: (1) help with lifting, transferring, or carrying 40 to 50 pounds and (2) help with pushing or pulling fully loaded and unloaded carts.

18. Before suffering the embolism, Freeman had received help from coworkers with lifting and pulling heavier items.

19. Upon receiving the fitness-for-duty document, Defendant asked Freeman for permission to contact his physician to "clarify the limitations" Freeman was under.

20. On or about May 10, 2018, Defendant contacted Freeman's physician who confirmed that Freeman would not be able to push carts or lift objects weighing more than 40 pounds for three additional months.

21. Instead of allowing Freeman to return to work under his physician's instructions, Allstate required Freeman to remain on unpaid FMLA leave.

22. On or about May 14, 2018, Allstate advised Freeman his FMLA would expire on June 19, 2018.

23. On or about June 19, 2018, Allstate informed Freeman that his FMLA leave had expired and asked him to provide a fitness-for-duty certification by the end of the week, or he would be terminated.

24. On June 19, 2018, Freeman emailed Allstate and requested additional leave so he could meet with his physician on July 3, 2018. Freeman explained that his doctor's visit had been delayed because his physician was out of town. Freeman stated that he "was sure [my physician] would certify me to return to work after the appointment. It is my desire to return to work as soon as I am eligible. If there is anything the company can do to hold off terminating my employment it would be appreciated."

25. Allstate failed to engage in the interactive process with regard to Freeman's request for additional leave. On June 22, 2018, Human Resources Generalist Judy Graham informed Freeman in writing that Allstate had denied Freeman's request for additional leave and informed Freeman that his employment with Allstate was terminated. Graham cited Freeman's not having been cleared to perform the essential functions of his job as the reason for termination.

26. Defendant terminated Freeman rather than reasonably accommodating him, in violation of Sections 102(a) and 102(b)(5)(A) of Title I of the ADA, 42 U.S.C. §§ 12112(a) and (b)(5)(A).

27. The effect of the practices complained of in paragraphs 12 through 26 above has been to deprive Freeman of equal employment opportunities and has otherwise adversely affected his status as an employee because of his disability.

28. The unlawful employment practices complained of in paragraphs 12 through 26 above were intentional.

29. The unlawful employment practices complained of in paragraphs 12 through 26 above were done with malice or with reckless indifference to the federally protected rights of Freeman.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in any employment practice that discriminates on the basis of disability, including the denial of reasonable accommodations to qualified individuals with disabilities.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of their past and present unlawful employment practices, including but not limited to requiring that Defendant (i) amend its attendance policy to state that Defendant must make exceptions to the policy when required by the ADA as a reasonable accommodation for employees with disabilities; (ii) publicize that amendment to all present and future employees; and (iii) adhere to the amendment.

C. Order Defendant to make Freeman whole by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to front pay and reinstatement.

D.  Order Defendant to make Freeman whole by providing appropriate compensation for the past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 12 through 26 above, including but not limited to relocation expenses, job search expenses, medical expenses, and other pecuniary losses, in amounts to be determined at trial.

E.  Order Defendant to make Freeman whole by providing appropriate compensation for the past and future non-pecuniary losses resulting from the unlawful employment practices described in paragraphs 12 through 26 above, including but not limited to emotional pain, suffering, inconvenience, loss of enjoyment of life, humiliation, and other non-pecuniary losses, in amounts to be determined at trial.

F.  Order Defendant to pay punitive damages for its malicious and reckless conduct described in paragraphs 12 through 26 above, in amounts to be determined at trial.

G.  Grant such further relief as the Court deems necessary and proper in the public interest.

H.  Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

RESPECTFULLY SUBMITTED,

Sharon Fast Gustafson
General Counsel

James L. Lee
Deputy General Counsel

Gwendolyn Young Reams
Associate General Counsel

U.S. Equal Employment Opportunity Commission

131 M. Street E
Washington, DC 20507

_____
MARSHA RUCKER (PA Bar No. 90041)
Regional Attorney

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION, Birmingham District Office
Ridge Park Place, Suite 2000
1130 22nd Street, South
Birmingham, Alabama 35205
Telephone: (205) 212-2045
Facsimile: (205) 212-2041