## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No.: 2:19-cv-00657-WKW |
| ALLSTATE BEVERAGE COMPANY, LLC, | ) ) ) | |
| Defendant. | ) | |

### ALLSTATE'S OBJECTIONS TO PLAINTIFF'S EXHIBIT LIST

Defendant Allstate Beverage Company ("Defendant" or "Allstate") objects to the following proposed exhibits contained on Plaintiff's Exhibit List (Doc. 062).

### 1.     The Court Should Not Permit EEOC Exhibits 1-4

The EEOC lists the following as Items 1–4 on its exhibit list: (1) Jimmy Freeman's Charge of Discrimination (Allstate_000279); (2) Notice of Jimmy Freeman's Charge of Discrimination and Request for Position Statement (Allstate_000280-284); (3) Conciliation Failure Letter dated July 3, 2019 (EEOC_0000002); and (4) Letter of Determination dated June 4, 2019 (EEOC_0000003-4). While a motion in limine to move the Court to find these proposed exhibits inadmissible is forthcoming, Allstate objects to the Items as not relevant, unfairly prejudicial, confusing to a jury, cumulative, and, as to Items 1 and 4, as hearsay.

Items 1-4 are not relevant. Because the Parties stipulate that Mr. Freeman exhausted administrative remedies (see Joint Proposed Pretrial Order) and Allstate is not challenging the EEOC's conciliation efforts, the Charge, Notice of Charge and Request for Position Statement, Conciliation documents, and Letter of Determination have no tendency to make any disputed fact of consequence more or less probable to prove the EEOC's sole claim—ADA wrongful termination. As such, they are not relevant under Federal Rule of Evidence 401 and should be excluded.

The exhibits should also be excluded under Rule 403 as they are unfairly prejudicial, confusing to a jury, and cumulative. Item 1 (Charge of Discrimination) should be excluded because the Parties have stipulated as to what Mr. Freeman's allegations are on his remaining claim; thus, the Charge is cumulative and not necessary. Moreover, Mr. Freeman's Charge, which was drafted in anticipation of litigation and likely working alongside the EEOC in development, would confuse the jury and prejudice Allstate. Item 2 (Notice of Charge of Discrimination) lacks any probative value, is cumulative due to the Parties' stipulation, and is likely to confuse a jury. Item 3 (Conciliation Failure) has a high risk of prejudice and is likewise not probative on any relevant fact. Whether the parties attempted conciliation or not is not at issue in this case and allowing such evidence would unfairly prejudice Allstate and confuse the jury. Moreover, Item 3 is akin to settlement negotiations and should be excluded under Federal Rule of Evidence 408

and 42 U.S.C. § 2000e-5(b)'s confidentiality provisions as evidence of conduct during compromise negotiations. Item 4 (Letter of Determination) is unduly prejudicial, unreliable, and confusing to the jury because it is minimally probative, lacks citations to evidence, did not have the benefit of facts developed through the adversarial discovery process, draws legal conclusions meant to be decided through the factfinding process by the jury, is not primary evidence of the underlying facts, and is likely to be given excess weight by a jury.

Allstate further objects to items 1 and 4 as hearsay under Rule 801. Item 1 is an out of court statement of Mr. Freeman offered to prove the truth of a matter asserted that falls into no exclusion to the rule against hearsay. Item 4 is an out of court statement that lacks trustworthiness in its finding of facts as evidenced by the brevity of analysis (including the lack of any reference to, or consideration of, Mr. Freeman's representations in his Social Security Disability filings and testimony), lack of citations to evidence, and legal conclusions. *See, e.g., Matthews v. City of Dothan,* No. 1:04-CV-640-WKW, 2006 WL 3742237 (M.D. Ala. Dec. 18, 2006) (finding EEOC determination letter unreliable). The Court should not permit items 1 or 4 because they contain inadmissible hearsay.

**2.      This Court Should Not Permit EEOC Exhibits 8, 10-11, 14-15, 29-33, 36, and 44-46 because they Relate to the Accommodation Claim as to which the Court has Granted Summary Judgment.**

Federal Rule of Evidence 402 provides that irrelevant evidence is not admissible. Even if evidence is relevant, Federal Rule of Evidence 403 provides that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." A number of Plaintiff's listed exhibits relate to the EEOC's claim that Allstate failed to provide a reasonable accommodation for Mr. Freeman's alleged disability. The Court granted Allstate's Motion for Summary Judgment on the accommodation claim and, as such, these documents are not relevant under Federal Rule of Evidence 402 and, even if relevant, the Court should exclude them because under Rule 403, their probative value is substantially outweighed by the danger of confusing the issues, misleading the jury as to the claims in the case and wasting time. Allstate objects to Exhibits 8, 10-11, 14-15, 29-33, 36 and 44-46 for those reasons. These proposed exhibits include the following:

*A.      Exhibits 8, 14-15 Relating to Proffered Expert Steve Allison*

*Exhibit 8.    Steve Allison's Medical Vocational Analysis Report dated March 26, 2020.*

*Exhibit 14.   Steve Allison's Medical Vocational Addendum Report dated August 26, 2020.*

*Exhibit 15.   Steve Allison's curriculum vitae.*

4

Allstate filed a Daubert and Rule 702 Motion to Exclude Expert Opinions and Testimony from Steve Allison. (Doc. 46). The Court denied that Motion without prejudice, however, given that Mr. Allison's testimony was proffered in support of the accommodation claim, the Court ruled that it would permit Allstate to file another Daubert motion if Allison's testimony was still at issue following the Court's pending Opinion on Summary Judgment. If the EEOC does not withdraw Mr. Allison's name from its trial witness list, Allstate will move to exclude his testimony. If Mr. Allison does not testify, exhibits 8 and 14-15 are inadmissible hearsay. Moreover, as Allison's Report, Amended Report and Curriculum Vitae relate to the issue of whether Allstate could or should have reasonably accommodated Mr. Freeman's alleged disability, a claim that is no longer in the case, the Court should not permit Plaintiff to offer Items 8, 14, and 15 as exhibits.

### B.    Exhibits Relating to the EEOC's Accommodation Claim.

The following listed Exhibits also relate to Plaintiff's accommodation claim. In addition to being hearsay, these documents are not relevant to the remaining claims in this case and by offering them into evidence, Plaintiff would only serve to confuse the jury.

Exhibit 10.   Facsimiles between Defendant and Rehab Associates (Allstate_000041-44).

These documents relate to testing of Plaintiff's fitness, which relates to the EEOC's accommodation claim and should not be permitted for the reasons addressed above.

5

Exhibit 11.   *Facsimile from Rehab Associates to Dr. Crepault (Allstate_000046).*

This document relates to testing of Plaintiff's fitness, which relates to the EEOC's accommodation claim and should not be permitted for the reasons addressed above.

Exhibit 29.   *Email thread between Amy Baldwin to Kelly Hulak dated May 2, 2018 (Allstate_000334-339).*

These documents relate to Mr. Freeman's essential job functions in connection with the EEOC's accommodation claim.

Exhibit 30.   *Email thread between Amy Baldwin and Olivia Appleby dated May 2, 2018 (Allstate_000340-342).*

These documents relate to Mr. Freeman's essential job functions which relate to the EEOC's accommodation claim.

Exhibit 31.   *Facsimile from Rehab Associates to Judy Graham regarding Jimmy Freeman's Post Offer Job Test dated April 23, 2018 (Allstate_000041-42).*

This document relates to testing of Plaintiff's fitness, which relates to the EEOC's accommodation claim and should not be permitted for the reasons addressed above.

Exhibit 32*.   Facsimile from Rehab Associates to Judy Graham re Freeman's Post Offer Job Test dated April 25, 2018 (Allstate_000043-44).*

These documents relate to testing of Plaintiff's fitness, which relates to the EEOC's accommodation claim and should not be permitted for the reasons addressed above.

Exhibit 33.   *Rehab Associates' Post Job Offer Test administered to Jimmy Freeman (from EEOC's subpoena to Rehab Associates dated April 25, 2018) (Doc. 51, Ex. V to EEOC's Response to Defendant's Motion for Summary Judgment).*

This document relates to testing of Plaintiff's fitness, which relates to the EEOC's accommodation claim and should not be permitted for the reasons addressed above.

Exhibit 36.   *Declaration of Louie Bell from Rehab Associates (to refresh recollection).*

This document relates to testing of Plaintiff's fitness, which relates to the EEOC's accommodation claim and should not be permitted for the reasons addressed above. Additionally, this document is hearsay absent Mr. Bell's testimony.

Exhibit 44.   *Email from Judy Graham to Jimmy Freeman dated April 17, 2018 regarding essential functions test at Rehab Associates (Allstate_000037).*

This document relates to testing of Plaintiff's fitness, which relates to the EEOC's accommodation claim and should not be permitted for the reasons addressed above.

Exhibit 45.   *Workstrategies letter from physical therapist Adam Stickley to Dr. Crepault dated April 23, 2018; (Crepault_000097).*

This document relates to testing of Plaintiff's fitness, which relates to the EEOC's accommodation claim and should not be permitted for the reasons addressed above.

Exhibit 46.   *Facsimile from Rehab Associates to Judy Graham dated April 23, 2018 (Allstate_000041-42).*

This document relates to testing of Plaintiff's fitness, which relates to the EEOC's accommodation claim and should not be permitted for the reasons addressed above.

## C.   Unauthenticated Documents Related to Plaintiff's Medical Condition.

The following documents relate to Plaintiff's medical condition and have not been authenticated. Additionally, the July 2018 and July and August 2019 documents also relate to events after Mr. Freeman's employment ended and are not relevant to the sole remaining claim in this case.

*Exhibit 23. Dr. Crepault's notes from Jimmy Freeman's appointments dated February 26, 2018* (Crepault_000026-27), March 5, 2018 (Crepault_000024-25), March 14, 2018 (Crepault_000022-23), March 16, 2018 (Crepault_000020-21), April 23, 2018 (Crepault_000018-19), May 2, 2018 (Crepault_000016-17), July 3, 2018 (Crepault_000014-15), July 24, 2019 (Crepault_000012-13), and August 28, 2019 (Crepault_000010-11).

*Exhibit 24. Prescription form for Jimmy Freeman from Dr. Crepault dated February 26, 2018 (Crepault_000102).*

*Exhibit 25. Dr. Crepault's notes from Freeman's office visit on October 15, 2013 (EEOC_0000381- 382).*

*Exhibit 26. Baptist Medical Center East – East Montgomery Imaging Center, Radiology Report and Imaging Exam Report (Crepault_000046-48).*

*Exhibit 27. Baptist East Hospital discharge summary for Jimmy Freeman; (Crepault_000052-56).*

*Exhibit 35. Declaration* of Dr. Jean M. Crepault (to refresh recollection).

This document is hearsay absent Dr. Crepault's testimony.

**3.    Deposition Excerpts**

*Exhibit 54. Excerpts from 30(b)(6) Deposition of Allstate Beverage (Parts I and II).*

*Exhibit 55. Excerpts from Deposition of Amy Baldwin.*

Plaintiff also listed as exhibits excerpts from the depositions of Susan Ames and Amy Baldwin (Exhibits 54 and 55), but he failed to identify the particular excerpts in the Exhibit List. Plaintiff did identify specific excerpts from these two individuals in its Designation of Deposition Excerpts (Doc.061) and presumably those are the excerpts that Plaintiff seeks to offer. Allstate is filing objections to some

of those designations and incorporates those objections here. Allstate further objects to any excepts not identified in Plaintiff's Designation of Deposition Excerpts.

Allstate also objects to Plaintiff's catchall statement as it appears to be an attempt for Plaintiff to argue that it can introduce any document produced in the case, regardless of whether it is specifically listed in the Exhibit List:

> *"Plaintiff also reserves the right to present the following as exhibits: (1) documents produced by either party in discovery; (2) deposition exhibits; (3) documents used by either party as exhibits to their brief or in support or opposition to Defendant's Motion for Summary Judgment; (4) documents listed in Defendant's Pretrial Disclosures, including its Exhibit List; and (5) documents needed for rebuttal and impeachment, including but not limited to deposition transcripts."*

For the reasons set forth herein, Allstate objects to the Exhibits specified above.

/s/ T. Matthew Miller
T. Matthew Miller (ASB-2129-I66T)
Email: mmiller@bradley.com
*One of the Attorneys for Defendant*
*Allstate Beverage Company, LLC*

**OF COUNSEL:**
T. Matthew Miller (ASB-2129-I66T)
Anne Knox Averitt (ASB-2668-N76M)
Cortlin L. Bond (ASB-6096-X12M)
Sarahanne Y. Vaughan (ASB-1515-Q08B)
Bradley Arant Boult Cummings LLP
1819 Fifth Avenue North
Birmingham, AL 35203
Telephone: (205) 521-8000
Email: mmiller@bradley.com
Email: aaveritt@bradley.com
Email: cbond@bradley.com
Email: svaughan@bradley.com

Charles A. Stewart III (ASB-4955-A56C)
Bradley Arant Boult Cummings llp
445 Dexter Avenue, Ste 9075
Montgomery, AL 36104
Telephone: (334) 956-7700
Email: cstewart@bradley.com
*Attorneys for Defendant*
*Allstate Beverage Company, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 10, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

> George Hayek, Esq.
> Gerald Lee Miller, Esq.
> Austin Russell, Esq.
> Equal Employment Opportunity Commission
> Birmingham District Office
> Ridge Park Place, Ste 2000
> 1130 22nd Street South
> Birmingham, AL 35205
> george.hayek@eeoc.gov
> gerald.miller@eeoc.gov
> austin.russell@eeoc.gov

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

> None.

_____
*/s/ T. Matthew Miller*
OF COUNSEL