IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) Plaintiff, ) ) ) v. ) ) ) ALLSTATE BEVERAGE COMPANY, LLC, ) ) ) ) Defendant. ) | Civil Action No.: 2:19-cv-657-WKW |

**PLAINTIFF UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION'S OBJECTIONS TO DEFENDANT'S EXHIBIT LIST**

The U.S. Equal Employment Opportunity Commission (the "Commission"), by and through its attorneys, respectfully submits its objections to Defendant Allstate Beverage Company, LLC's Exhibit List (Dkt. 87).

The Commission reserves the right to supplement, modify or withdraw any of the objections made. In addition, the Commission reserves the right to interpose a specific objection at trial to any exhibit where a copy of the exhibit was not provided before the filing of these objections.

1

**Objections**

| **Allstate Exhibit** | **Commission Objection(s)** |
|---|---|
| Allstate 1 – File of Jimmy Freeman (Allstate_000001-000070). | Allstate_000036: **Hearsay, Authenticity, Relevancy**.<br><br>Allstate_000070: **Hearsay**. |
| Allstate 3 – Allstate Policies and Procedures Manual (Allstate_000073-000139). | No such "Manual" exists at the Bates range provided by Defendant. On December 28, 2022, Defendant's counsel clarified that this Exhibit List entry should reference Allstate_000102-000146, which is Defendant's employee handbook. Defendant has also designated its employee handbook (Allstate_000102-000146) as Allstate 25. The Commission would object to the introduction of any other "Manual" that has not been disclosed in accordance with Federal Rules of Civil Procedure, Rule 26(a)(1)(A)(ii). |
| Allstate 7 – POS Warehouse Administrator Essential Functions (Allstate_000036). | **Hearsay, Authenticity**. |
| Allstate 9 – Plaintiff's Responses and Supplemental Responses to Allstate's | The Commission objects to Defendant's designated exhibit on the ground that the |

| | |
|---|---|
| Interrogatories and Requests for Production. | Commission is unable to ascertain which specific discovery responses the Defendant may attempt to introduce. It is improper to designate an opposing party's multiple sets of discovery responses as a single, omnibus exhibit. The court recognized as much in *Carley v. Crest Pumping Techs., L.L.C.*, where the court sustained objections to exhibit list entries that "fail[ed] to identify which of [the opposing party's] responses to . . . interrogatories and requests for production [the designating party] intend[ed] to introduce into evidence." *Carley v. Crest Pumping Techs., L.L.C., 2016 WL 8849697*, at *7 (W.D. Tex. Aug. 21, 2016) (declining to pre-admit designated discovery responses). Further, unlike interrogatory responses, responses to requests for production of documents are not verified by the responding party. *Compare* Fed. R. Civ. P. 33(b)-(c) ("The person who makes the answers must sign them . . . and [a]n answer to an interrogatory may be used to the extent allowed by the Federal Rules of |

3

| | |
|---|---|
| | Evidence.") *with* Fed R. Civ. P. 34 (no similar provisions).<br><br>The Commission further objects specifically to the introduction of its response to Defendant's Interrogatory No. 9 as **irrelevant** (Fed. R. Evid. 401) and **unfairly prejudicial** (Fed. R. Evid. 403) on the ground that bankruptcy proceedings involving Mr. Freeman and his spouse that were filed years before the events at issue in this lawsuit have no probative value regarding any disputed issue and could only serve to distract, confuse, or prejudice the jury.<br><br>The Commission further objects to the introduction of its response to Defendant's Interrogatory No. 11 as **irrelevant** (Fed. R. Evid. 401) and **unfairly prejudicial** (Fed. R. Evid. 403) on the ground that Mr. Freeman's tenure and pay rate with the employers he worked for prior to Defendant have no probative value regarding any disputed issue and could only serve to distract, confuse, or |

| | |
|---|---|
| | prejudice the jury. |
| Allstate 26 – Freeman Personnel Documents (Allstate_000147-000181). | Allstate_000181: **Relevance, Unfair Prejudice.** |
| Allstate 33 – Freeman Social Security Administration File ("including but not limited to Allstate SSA-0001-0402"). | **Relevance, Unfair Prejudice.** The Commission further objects to the extent that Allstate's use of the phrase "including but not limited to" the listed Bates range indicates its intention to introduce documents not previously produced to the Commission. |
| Allstate 34 – Audio Recording of SSA Administrative Law Hearing (Allstate SSA_0403). | **Relevance, Unfair Prejudice.** |
| Allstate 40 – Riverview Medical Records (no Bates range provided). | **Relevance, Unfair Prejudice.** Since filing its exhibit list, the Defendant has informed the Commission that Defendant intended to designate documents from "River Region Cardiology Associates" (Allstate SSA_0013 – 0019) as Allstate 40. These records are a component of Allstate 33, and the Commission objects to them on the same bases. |

| | |
|---|---|
| Allstate 41 – Dr. Jean Crepault medical records (no Bates range provided). | The Commission objects to Defendant's designated exhibit on the ground that the Commission is unable to ascertain what records the Defendant proposes to introduce because Defendant supplied no identifying Bates number(s). |

## Discussion of Objections

**Objections to Allstate 1 and Allstate 7 (Allstate-000036) – Hearsay, Authenticity, Relevance.**

Whether couched as Allstate's Exhibit 7 or merely part of Allstate's (70-page) Exhibit 1, the document Bates-labeled Allstate_000036 is hearsay not subject to any exception. Under Federal Rule of Evidence 801(c), hearsay is defined as "a statement that: (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement." Allstate_000036 meets both elements of this definition.

The full text of Allstate_000036 (minus the Bates-label) is as follows:

**POS Warehouse Administrator**

<u>Essential functions:</u> Requires repetitive lift, transfer, or carry of 4.5# to 24#, and occasional (approximately 5 times per day) lift, carry, transfer of 40-51#. Lift range is from a low of the floor to a high of overhead and varied in frequency for each height and may also require use of a stepladder in the storage area. Position also requires repetitive pushing and pulling of empty and fully loaded carts for distance of up to 300ft or more into the warehouse and onto tractor trailers from the warehouse.

Exhibit A, Allstate_000036.

Allstate-000036 contains no indication of who created it, who wrote the text within it, or

when or why it was created. The document bears no signature nor indication of how or whether it was kept in the ordinary course of business. Defendant has testified that it "believes" the document was created by someone named A.J. Schulties, a former risk manager for Defendant, but Defendant failed to reach Mr. Schulties to confirm whether that was true. Exhibit B, 30(b)(6) Deposition of Allstate Beverage, Part I at 18:25-20:17.

But even assuming Mr. Schulties were indeed the declarant, he did not make these statements while testifying at the current trial or hearing. Mr. Schulties was not deposed by either side, has not provided a sworn declaration, and Defendant has not named him as a witness it intends to call at trial.

Defendant presumably intends to offer Allstate_000036 to prove the truth of the matter asserted, as evidenced by Defendant's arguments at summary judgment relying on this very document. Defendant repeatedly contended that this document reflects its "written Essential Functions" of Jimmy Freeman's position with Defendant. (Dkt. 44 at 3) ("Allstate has a written Job Description and Essential Functions for the POS position . . . ." (citing Allstate_000036)); (Dkt. 44 at 22) ("Allstate's written Essential Functions . . . establish that Freeman needed to lift forty pounds . . . ." (citing Allstate_000036)).

And in its reply in support of its summary judgment motion, Defendant again repeatedly relied on this document, arguing that the Commission "ignore[d] Allstate's written POS Essential Functions document" in its response. (Doc. 54 at 4) (citing Allstate_000036; *see also* (Doc. 54 at 3) ("To the contrary, the written Essential Functions . . . ." (citing Allstate_000036)); (Doc. 54 at 14 n.13) ("This argument completely ignores the written POS essential functions . . . . (citing Allstate_000036)).

Allstate_000036 does not fit within any exception to the rule against hearsay. Defendant

may try to argue that Allstate_000036 is a record of a regularly conducted activity under Rule 803(6). But Defendant cannot meet the burden to show this record was created by someone with knowledge as it cannot confirm who created the record. Nor can Defendant show when the record was made and thus cannot show that it was made "at or near the time" of the recorded act, event, condition, opinion, or diagnosis.

Additionally, because Allstate cannot show when the record was made, it cannot show the document reflects the essential functions of the POS Warehouse Administrator at any time relevant to this case. Thus, the document is not relevant.

Accordingly, Allstate_000036 should be excluded from the evidentiary record.

**Objection to Allstate 1 (Allstate-000070) – Hearsay.**

Allstate employee Judy Graham testified that Allstate_000070 is a "call log" containing notes she created while "trying to reach Dr. Crepault's office on May 8th and May 9th," 2018. Dr. Jean Crepault was one of Mr. Freeman's physicians, and the log purports to reflect responses that "Wendy," Dr. Crepault's "Asst. Office Manager," gave to Ms. Graham in response to a battery of questions posed by Allstate. *See* Exhibit C, Allstate_000070. The questions related to Dr. Crepault's opinions about Mr. Freeman's ability to perform certain physical tasks. *See id.* According to the document, "Wendy called to give Dr. Crepault's answer" to the questions posed. *Id.* As such, the portions of this document purporting to convey Dr. Crepault's opinions constitute at least two layers of hearsay: the declarant, Dr. Crepault, first purportedly communicated his opinions to his assistant, "Wendy," who in turn purportedly relayed them to Ms. Graham. "Hearsay within hearsay" is only admissible despite "the rule against hearsay if each part of the combined statements conforms with an exception to the rule." Fed. R. Evid. 805. Whatever Dr. Crepault's original statements and "Wendy's" comments relaying them to Ms. Graham may have been before

Ms. Graham translated them into her notes, neither the doctor's statements nor his assistant's fit into any exception to the rule against hearsay. Allstate may argue that the statements fit within Rule 803(4)'s exception for a "statement made for medical diagnosis or treatment," but that argument fails because neither Dr. Crepault's original statements nor his assistant's description of them to Ms. Freeman were "made for . . . medical diagnosis or treatment." Fed. R. Evid. 803(4). Instead, the statements were made in response to Allstate's inquiries about whether Dr. Crepault believed Mr. Freeman could perform certain physical tasks. The document should therefore be excluded or, in the alternative, redacted to remove the purported statements of "Wendy" and Dr. Crepault.

**Objection to Allstate 26 (Allstate-000181) – Relevance, Unfair Prejudice.**

Allstate_000181 is irrelevant to the issues in this case, and any scant relevance that may arguably exist is substantially outweighed by the danger of unfair prejudice it poses. Allstate_000181 is a "Record of Counseling" reflecting a verbal workplace warning Freeman received in January 2014—over four years before the relevant events in this case, which all took place in 2018. *See* Exhibit D, Allstate_000181. If Defendant intends to offer Allstate_000181 as evidence that Mr. Freeman performed poorly in the workplace or that Defendant could have terminated him for performance-based reasons, that line of argument would be improper and must be foreclosed.

Defendant has put forward no evidence that Freeman was terminated because of poor job performance. Defendant's own termination letter to Freeman makes clear that Defendant predicated his termination on his alleged inability to perform the functions of the position due to his disability. No witness for Defendant has testified that Defendant terminated Freeman because of his job performance. And the issue regarding whether Freeman was qualified for the position

centers on Freeman's *physical* capabilities. But the "Record of Counseling" from 2014 concerns supposed disorganization in the POS Warehouse area—not Freeman's physical inability to perform the functions of his job. *See* Exhibit D. Thus, both the subject matter of this document and its age render it irrelevant to the issues in this case.

Further, even if it had some tenuous relevance to this case, the danger of unfair prejudice would substantially outweigh its probative value. Even if evidence is relevant, it is inadmissible if "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. Unfair prejudice includes the tendency to suggest to the trier of fact that it has the discretion to decide a disputed issue on an improper basis, such as illegitimate emotional appeal. Advisory Committee's Notes on Fed. R. Evid. 403. Such evidence "'appeals to the jury's sympathies, arouses its sense of horror, prophecies its instinct to punish' or otherwise 'may cause a jury to base its decision on something other than the established propositions in the case.'" *Carter v. Hewitt,* 517 F.2d 961, 972 (3d. Cir. 1980) (*quoting* 1 J. Weinstein and M. Berger, *Weinstein's Evidence* at 403-15 to 403-17 (1978)).

This document improperly invites the jury to consider Freeman's non-physical abilities with regard to performance of the job, and further invites the jury to consider those abilities as they existed four years before the relevant events of this suit. But Defendant has at no point argued that Freeman's termination was justified because of poor non-physical performance. Instead, Defendant contends it terminated Freeman because of his physical inability to perform the essential functions of the job. And that is the proper issue for the jury—whether Freeman was *physically* capable of performing the essential functions of the job *at the time Defendant terminated him*. This document does nothing but confuse the issues and invite the jury to make improper assessments

of Freeman. It should therefore be excluded.

**<u>Objection to Allstate 33, Freeman Social Security Administration File ("including but not limited to Allstate SSA-0001-0402") – Relevance, Unfair Prejudice.</u>**

As a threshold matter, the Commission objects to the extent that Allstate's reference to documents "including but not limited to" those reflected in the Bates range provided indicates its intention to introduce documents not previously produced to the Commission. The Commission further objects to the Allstate's sweeping designation of the entire 402-page "file" on the ground that this practice does not give the Commission proper notice of the documents that Allstate intends to present at trial. The "file" contains a myriad of discrete documents, some of which appear to be wholly unrelated to Mr. Freeman or this case. For example, one portion of the "file" appears to be a series of 2020 emails between an attorney for an Alabama business named Vulcan Materials Company and a counterparty relating to resolution of a business dispute. See Allstate SSA_0321 – Allstate SSA_0327 (omitted from this public filing to protect third-party confidentiality). These documents suggest no relation to Jimmy Freeman whatsoever, and the Commission knows neither why these documents are in the "file" nor why Allstate would present them at trial.

The Commission further objects that Mr. Freeman's Social Security Administration "file" is irrelevant because it has no tendency to show it "more or less probable" that Mr. Freeman could have performed the essential functions of his job when Allstate terminated him or whether Allstate terminated Mr. Freeman because it regarded him as disabled. *See* Fed. R. Evid. 401(a). Because Mr. Freeman sought disability benefits from the Social Security Administration only after Allstate terminated him, his benefits application cannot show it more or less likely that Allstate regarded him as disabled months beforehand. Similarly, as this Court noted in its Memorandum Opinion on Summary Judgment, "Mr. Freeman did not convince the SSA that he was disabled within the

meaning of the SSA." Dkt. 77 at 31. Mr. Freeman's unsuccessful benefits application therefore has no tendency to disprove that Mr. Freeman could have performed the essential functions of his job in June 2018.

To the extent that Allstate intends to argue that the few pages within the "file" reflecting Mr. Freeman's statements about the onset and duration of the perceived disability for which he sought benefits after his termination tend to prove that Mr. Freeman could not have performed the essential functions of his job when Allstate fired him, that use of evidence and line of argument should be foreclosed as unduly prejudicial. The evidence has scant probative value—Mr. Freeman did not persuade the Social Security Administration that he was disabled under its rules, see Dkt. 77 at 31, so the evidence does not tend to show that Mr. Freeman could not have done his job in June 2018. The evidence does, however, carry a significant risk of "unfair prejudice, confusing the issues, [and] misleading the jury" that substantially outweighs any arguable probative value and militates in favor of excluding the evidence pursuant to Federal Rule 403. *See* Fed. R. Evid. 403. The Court has already ruled that Mr. Freeman's statements in his benefits application do not estop the Commission from arguing that Mr. Freeman could have performed the essential functions of his job when Allstate terminated him. Dkt. 77 at 29-33. Permitting Allstate to make an end run around that ruling by arguing at trial that Mr. Freeman's statements in his post-termination benefits application prove that he was unable to perform the essential functions of his job months beforehand will only confuse and mislead the jury.

The Commission specifically objects to the documents marked Allstate SSA_000388-402 for additional reasons also. These pages are the Notice of Decision and Decision finding against Mr. Freeman. These documents have only minimal probative value as the definitions and standards for disability for ADA purposes and Social Security purposes are different and distinct. However,

the documents include lengthy, complex discussions of the law and medical details about unrelated health conditions. As such, these documents should be excluded under Rule 403 as their probative value would be substantially outweighed by the dangers of unfair prejudice, confusing the issues, and misleading the jury.

**Objection to Allstate 34, Audio Recording of SSA Administrative Law Hearing (Allstate SSA-0403) – Relevance, Unfair Prejudice.**

For the same reasons just stated in regard to Allstate 33, the 31-minute audio recording of Mr. Freeman's 2020 benefits hearing before a Social Security Administration administrative law judge should be excluded as irrelevant and unfairly prejudicial. Though Mr. Freeman discussed his then-existing physical condition and ability to work at the hearing, he did not make any statements regarding the onset of his perceived disability or about whether he could have performed the essential functions of his job when Allstate fired him. *See* Exhibit E (transcript of Allstate SSA-0403 audio file prepared by the Commission). The recording therefore has no probative value on any disputed issue, let alone sufficient probative value to outweigh the recording's significant and unfair tendency to distract and confuse the jury with irrelevant comments regarding Mr. Freeman's diminished health years after he left Allstate.

Date: January 9, 2023

Respectfully submitted,

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Birmingham District Office
Ridge Park Place, Suite 2000
1130 22nd Street South
Birmingham, Alabama 35205

Marsha L. Rucker
PA Bar No. 90041
Regional Attorney
Marsha.rucker@eeoc.gov
(205) 651-7045

Gerald L. Miller
AL Bar No. asb-1454-E52G
Assistant Regional Attorney
Gerald.miller@eeoc.gov
(205) 651-7026

Bryan A. Grayson
Supervisory Trial Attorney
AL Bar No. ASB-8944-N65G
Bryan.grayson@eeoc.gov
(205) 651-7073

Austin Russell
Trial Attorney
AL Bar No. ASB-6418S13J
Austin.russell@eeoc.gov
(205) 651-7079

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Jackson Area Office
Dr. A.H. McCoy Federal Bldg.
100 W. Capitol St., Suite 338
Jackson, MS 39269

*/s/ Jay Kucia*
Jay Kucia
Trial Attorney
MS Bar No. 106123
Gerald.kucia@eeoc.gov
(205) 651-7081

Benjamin G. Cain
DC Bar No. 1046636
Trial Attorney
Benjamin.g.cain@eeoc.gov
(205) 651-7068

**CERTIFICATE OF SERVICE**

I hereby certify that on January 9, 2023, I filed the foregoing instrument with the Clerk of the Court using the CM/ECF system which will electronically send notification to the following attorneys of record.

T. Matthew Miller, Esq.<br>
Anne Knox Averitt, Esq.<br>
Cortland Bond, Esq.<br>
Sarahanne Vaughan<br>
BRADLEY ARANT BOULT CUMMINGS LLP<br>
1819 Fifth Avenue North<br>
Birmingham, Alabama 35203<br>
Telephone: (205) 521-8000<br>
mmiller@bradley.com<br>
aaveritt@bradley.com<br>
cbond@bradley.com<br>
svaughan@bradley.com

*/s/ Jay Kucia*
Jay Kucia