IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CASE NO. 2:19-CV-657-WKW [WO] |
| ALLSTATE BEVERAGE COMPANY, LLC, | ) ) ) | |
| Defendant. | ) | |

## **MEMORANDUM OPINION AND ORDER**

The Equal Employment Opportunity Commission (EEOC) brought this lawsuit on behalf of Jimmy Freeman against his former employer, Allstate Beverage Company, LLC (Allstate), alleging violations of Title I of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 *et seq.*[1] The EEOC contended that Allstate discriminated against Mr. Freeman by failing to accommodate his disability and by wrongfully terminating his employment on the basis of his disability. After discovery, Allstate moved for summary judgment. (Doc. # 43.) Allstate's motion for summary judgment was granted on the EEOC's ADA accommodation and termination claims because Mr. Freeman did not show that he was actually disabled

---

[1] Sadly, Mr. Freeman died during the pendency of this lawsuit, a few days prior to the pretrial hearing.

or that he had a record of impairment. Summary judgment was denied on the EEOC's ADA claim that Allstate wrongfully terminated Mr. Freeman on the basis of its having regarded him as having a qualifying impairment. (Docs. # 69, 77.)

Before the court is Allstate's motion for reconsideration of the court's summary judgment ruling on the ADA regarded-as claim. (Doc. # 83.) The EEOC filed a response opposing the motion (Doc. # 99), and Allstate filed a reply (Doc. #102). For the reasons to follow, the motion will be granted.

## I. STANDARD OF REVIEW

**A.     Reconsideration of Interlocutory Orders**

The court has broad discretion to reconsider an interlocutory order. *See Toole v. Baxter Healthcare Corp.*, 235 F.3d 1307, 1315 (11th Cir. 2000); *see also United States v. Acosta*, 669 F.2d 292, 293 (5th Cir. Unit B 1982) ("[T]he district court has broad power to reconsider the correctness of its interlocutory rulings.").[2] It may reconsider an interlocutory ruling "for any reason it deems sufficient." *Canaday v. Household Retail Servs., Inc.*, 119 F. Supp. 2d 1258, 1260 (M.D. Ala. 2000), *aff'd sub nom. Perry v. Household Retail*, 268 F.3d 1067 (11th Cir. 2001); *see also* Fed. R. Civ. P. 54(b) ("[A]ny order . . . that adjudicates fewer than all the claims . . . does

---

[2] Decisions of Unit B of the former Fifth Circuit are binding precedent in this circuit. *Stein v. Reynolds Sec., Inc.*, 667 F.2d 33, 34 (11th Cir. 1982).

not end the action as to any of the claims . . . and may be revised at any time before the entry of a judgment adjudicating all the claims . . . .").

The court's summary judgment ruling did not end this action as to the EEOC's ADA regarded-as claim.  Based on the interlocutory nature of the summary judgment ruling and the court's broad authority to reconsider its ruling, the EEOC's arguments that Allstate's motion for reconsideration is untimely and unwarranted are rejected as meritless, without need for further discussion.  (Doc. # 99 at 3–12.)

### B. Summary Judgment

To succeed on a motion for summary judgment, the moving party must show "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  The court views the evidence, and all reasonable inferences drawn therefrom, in the light most favorable to the nonmoving party.  *Jean-Baptiste v. Gutierrez*, 627 F.3d 816, 820 (11th Cir. 2010).

## II. BACKGROUND

The summary judgment facts are set out in a prior Order and need not be repeated here.  (*See* Doc. # 77.)

## III. DISCUSSION

Allstate argues that the court's decision to allow the ADA regarded-as claim to move forward past summary judgment was "clear error" for two reasons.  (Doc. # 83 at 2.)  First, Allstate asserts that the EEOC improperly tried to amend its

3

complaint in its summary judgment response brief, and that the court's finding that the Complaint pleaded an ADA regarded-as claim is wrong. (Doc. # 83 at 3–7.) Second, Allstate contends that the court's finding that there was a material factual dispute as to Allstate's legitimate, non-discriminatory reason for terminating Mr. Freeman is wrong. (Doc. # 83 at 8–16.) Having considered Allstate's and the EEOC's opposing arguments, the court agrees with the first argument and declines to address the second argument.

### A.     The EEOC did not plead an ADA regarded-as claim.

In its motion for summary judgment, Allstate argued that the evidence was insufficient to create a triable issue on the EEOC's ADA claim that Allstate wrongfully terminated Mr. Freeman based on his actual disability. (Doc. # 44 at 9–12.) Responding, the EEOC disagreed, but argued that, even if its claim that Allstate discriminated against Mr. Freeman based on an actual disability could not survive summary judgment, its ADA claims for disability discrimination under the record-of-impairment and regarded-as definitions of disability could survive. (Doc. # 51 at 35–37.) In its reply, Allstate contended that the Complaint did not allege discrimination based on a regarded-as disability or a record of impairment and thus these purported claims were not properly before the court. (Doc. # 54 at 22.) Allstate argued that the Complaint alleged only that Mr. Freeman had an actual disability and, specifically, that "Defendant terminated Freeman rather than

4

reasonably accommodating him, in violation of [the ADA]." (Doc. # 54 at 22 (citing Doc. # 2 ¶ 26); *see also* Doc. # 54 22 n.18).)

In its summary judgment opinion, the court focused on the arguments pertaining to the regarded-as ADA claim because it already had found summary judgment proper on an ADA record-of-impairment claim:

> Allstate argues that the regarded-as theory is not properly before the court because the EEOC "did not plead" a perceived disability claim under the ADA and thus its reliance at summary judgment on this theory is improper. (Doc. # 54 at 22.) The Complaint alleges that Mr. Freeman was hospitalized for a pulmonary embolism and had a disability. (Doc. # 2 at ¶¶ 13–14.) Allstate is correct that the Complaint does not specify under which of the three subparts of the ADA's definition of disability the claim is proceeding; however, the ADA's three-part definition of disability includes a person who is "regarded as" having the requisite impairment. Allstate cites no authority that an ADA violation based on an as-regarded disability is a separate cause of action, rather than a theory by which to prove that a plaintiff has a qualifying disability for purposes of an ADA discrimination claim. *See, e.g., Kolovos v. Sheahan*, No. 97 C 4542, 1999 WL 1101919, at *4 (N.D. Ill. Nov. 30, 1999) ("We reject defendant's argument that we should preclude [the plaintiff] from advancing this theory because he failed to allege in his complaint that he was 'regarded as disabled.' The Federal Rules do not require a plaintiff to plead his legal theory."). Absent authority or persuasive argument on this point, the court declines to summarily dispose of the regarded-as theory.

(Doc. # 77 at 22–23.)

In its motion for reconsideration, Allstate's arguments are more robust and require a second look.

Allstate points out that, when the district court in the Northern District of Illinois decided *Kolovos*—the decision this court relied upon—there was a division

5

among the federal courts as to the standards for pleading ADA discrimination claims. (Doc. # 83 at 3 (citing *Everist v. Blue Cross & Blue Shield*, No. 98-4041-RDR, 2000 WL 1708504, at *6 (D. Kan. Oct. 20, 2000) (discussing the split of authority).) Significantly, *Kolovos* was decided before the Supreme Court's decision in *Swierkiewicz v. Sorema*, 534 U.S. 506 (2002), which shed light on the pleading standards in federal discrimination claims, and before its decisions in *Iqbal* and *Twombly*.[3]

Although Allstate has not pointed to a binding decision from this circuit governing the pleading standard for alleging an ADA regarded-as claim, it has cited an instructive, unpublished opinion: *Andrews v. City of Hartford*, 700 F. App'x 924 (11th Cir. 2017) (per curiam). In *Andrews*, the Eleventh Circuit addressed what a complaint needs to allege to plead an ADA regarded-as claim, and it enunciated what the complaint must include: "To state a 'regarded as' disability claim under the ADA, a plaintiff must allege, among other things, that he was regarded as disabled, he was a qualified individual, and that a covered entity discriminated against him [on the basis of] his disability." *Id.* (internal quotation marks and citations omitted). The takeaway from *Andrews* and post-*Twombly* district court decisions—and not a

---

[3] *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009) (holding that to survive Rule 12(b)(6) scrutiny, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and that "[f]acial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged")).

surprising takeaway—is that a plaintiff must allege facts to plausibly show that the plaintiff has a disability in one of the three ways defined by the ADA. *See, e.g.*, *Lambdin v. Marriott Resorts Hosp. Corp.*, No. CIV. 14-00345 SOM, 2015 WL 263569, at *2 (D. Haw. Jan. 21, 2015) ("It is not enough for Lambdin to state, in conclusory fashion, that he has a disability.").

    This makes sense because whether an employee has a disability depends upon the definition of disability that is at issue. The ADA defines a disability in three ways: (1) "a physical or mental impairment that substantially limits one or more of the major life activities of [an] individual"; (2) "a record of such an impairment"; or (3) "being regarded as having such an impairment." 42 U.S.C. § 12102(1)(A)–(C). The second definition of disability—having a record of impairment—extends to individuals who "have been misclassified as having" a disability, 29 C.F.R. § 1630.2(k)(1), and to those with a history of a disability but who have recovered, *see* 28 C.F.R. § Pt. 35, App. B. The third (regarded-as) definition is not limited to actual disabilities but applies to impairments, but not to all impairments—those that are transitory and minor are excluded. 42 U.S.C. § 12102(3)(A)–(B). And, unlike an individual alleging an actual disability or record of impairment, an individual alleging a regarded-as disability does not have to show that his "impairment 'substantially limits' a major life activity." 29 C.F.R. § 1630.2(j)(2). And an

7

employer does not owe a reasonable accommodation to an individual claiming ADA protection only under the regarded-as definition.  *See* 42 U.S.C. § 12201(h).

The court finds that, without plausible allegations identifying under which definition of disability the plaintiff is proceeding, a defendant "will not have fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512 (citation omitted).  Allstate did not have fair notice of a regarded-as claim.

First, the Complaint plausibly pleads that Mr. Freeman had a disability under the first definition—"a physical or mental impairment that substantially limits one or more of the major life activities of [that] individual," 42 U.S.C. § 12102(1)(A)—but not under the third definition.[4]  The Complaint alleges that Mr. Freeman had a "medical condition," stemming from the "pulmonary embolism" he suffered on March 6, 2018.  (Doc. # 2 ¶ 14.)  The Complaint further alleges that Mr. Freeman's

---

[4] It is not necessary to address Allstate's argument, previously asserted, that the Complaint does not allege a disability based upon a record of impairment.  (Doc. # 54 at 22–23.)  The court granted summary judgment in Allstate's favor on any claim predicated on Mr. Freeman's having a disability based upon a record of impairment (*see* Doc. # 77 at 16), and Allstate has not reasserted the argument in its motion for reconsideration.  One point of clarification is warranted, though, on the court's finding that the EEOC did not demonstrate that Mr. Freeman satisfied the definition of disability under the record-of-impairment standard.  Although the definitions of an actual disability and a record of impairment are overlapping, they are not identical.  However, the EEOC's arguments that Mr. Freeman had an actual disability and a record of impairment were lumped together and made no distinction between the two.  Likewise, the EEOC cited the same evidence to support its arguments that Mr. Freeman had an actual disability and a record of impairment.  Because the EEOC analyzed these two definitions as one and relied on the same evidence, granting summary judgment on a claim based on an actual disability necessitated granting summary judgment on a claim based upon a record of impairment.  The court, recognizes, however, that there could be scenarios where the analysis and evidence would be different.

"medical condition" prevented him from "lifting" forty-plus pounds, as directed by his physician's restrictions. (Doc. # 2 ¶ 17.) "[L]ifting" is included in the definition of "major life activities." 42 U.S.C. § 12102(2). These allegations—of a physician-diagnosed medical condition affecting a function that qualifies as a major life activity—plausibly convey that the EEOC was alleging that Mr. Freeman had an actual disability under the first definition. 42 U.S.C. § 12102(1)(A). They do not plausibly convey that the EEOC was alleging that Mr. Freeman did not have an actual disability, but instead had an actual or perceived non-substantially limiting impairment. *See* 42 U.S.C. § 12102(1)(C), (3); 29 U.S.C. § 1630.2(l)(1).

Second, the Complaint's allegations focusing on Allstate's decision to fire Mr. Freeman, rather than to accommodate the restrictions his physician imposed for mitigating his medical condition, further indicate that the EEOC was not alleging an ADA regarded-as claim. (Doc. # 2 ¶¶ 17, 26.) Construed liberally, the Complaint's sole attempt at framing a legal claim is the statement that Allstate "terminated [Mr. Freeman] rather than reasonably accommodating him, in violation of" 42 U.S.C. § 12112(a) and (b)(5)(A).[5] (Doc. # 2 ¶ 26.) The Complaint's failure-to-accommodate allegations and specific statutory reference to § 12112(b)(5)(A)

---

[5] While not a shotgun pleading, the Complaint's organization is of little help in deciphering claims because it is not divided into separate counts. It contains a section titled, "Statement of Claims," which combines a laundry list of factual allegations that concludes with the statement in paragraph 26 above, followed by legal conclusions that Allstate acted intentionally and "adversely affected" Mr. Freeman's "status as an employee" "because of his disability." (Doc. # 2 ¶¶ 12–29.)

(providing that one way to discriminate under § 12112(a) is by "not making reasonable accommodations") negate the plausibility of a regarded-as claim because a "covered entity," like Allstate, "need not provide a reasonable accommodation . . . to an individual who meets the definition of disability" under the regarded-as definition. 42 U.S.C. § 12201(h). In other words, the underpinnings of the legal conclusion that Allstate terminated Mr. Freeman to avoid having to reasonably accommodate Mr. Freeman's disability cannot be based on a regarded-as disability. The Complaint does not attempt to frame an ADA regarded-as claim, as illustrated by the absence of legal conclusions that Allstate "regarded [Mr. Freeman] as having" an "impairment" or "perceived" him as having an "impairment," 42 U.S.C. § 12102(1)(C), (3). *See Iqbal*, 556 U.S. at 679 ("[L]egal conclusions can provide the framework of a complaint," but "they must be supported by factual allegations.").

Third, the EEOC's pre-suit determination letter did not put Allstate on notice of a regarded-as claim or record-of-impairment claim. (*See* Doc. # 2 ¶ 8 (referencing the determination letter's finding of reasonable cause to believe Allstate had violated Title I of the ADA).) In that letter, the EEOC opined that Mr. Freeman had "an impairment that substantially limit[ed] a major life activity" (Doc. # 45-2 at 101), which is the definition of an actual disability, *see* 42 U.S.C. § 12102(1)(A), and that Allstate failed to provide Mr. Freeman with a reasonable accommodation, (Doc.

# 45-2 at 101). There is no mention in the determination letter that the EEOC alternatively concluded that Allstate "regarded [Mr. Freeman] as having . . . an impairment," 42 U.S.C. § 12102(1)(C), and it did not cite or allude to the ADA's definition of a regarded-as disability. (Doc. # 45-2 at 100–01.) Also, Mr. Freeman's EEOC Charge does not contain statements that attempt to broaden that determination. (Doc. # 45-1 at 159.)

Fourth, Allstate's Answer indicates that it did not have fair notice of an ADA regarded-as claim. The Answer did not raise defenses to an ADA regarded-as claim, for example that the impairment was "transitory and minor." 29 C.F.R. § 1630.15(f); *see also* 29 C.F.R. § 1630.2(j)(4)(ii).

While the definition of disability is to be construed broadly, *see* 42 U.S.C. § 12102(4), the plaintiff must plead enough facts that plausibly show which definition of disability applies to his ADA discrimination claim. The EEOC has failed to meet its pleading burden on an ADA regarded-as claim, and it has stood by the original Complaint.[6] At this point, it would be too late to seek an amendment, and it would have been too late at any point after the close of discovery.

The EEOC is left with its summary judgment response that asserts an ADA discrimination claim based on a regarded-as disability. However, a complaint "may

---

[6] This case has been pending since September 9, 2019. The parties have requested and obtained multiple trial continuances and extensions of the discovery and dispositive motion deadlines. (Docs. # 27, 32, 37, 50.) The EEOC has never moved to amend its Complaint.

11

not be amended" in summary judgment briefing. *See Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004) (per curiam) (holding that a "plaintiff may not amend [his] complaint through argument in a brief opposing summary judgment"). An ADA discrimination claim based on a regarded-as disability is not before the court because the EEOC did not plead it. Because there is no viable ADA regarded-as claim, the court reconsiders its summary judgment ruling and will vacate its ruling denying summary judgment on this claim.

**B. The court need not address whether Allstate has shown a legitimate, non-discriminatory reason for terminating Mr. Freeman.**

Allstate argues alternatively that the court erred as a matter of law in denying summary judgment based on the ADA regarded-as claim "by requiring that Allstate's legitimate, nondiscriminatory reason for Mr. Freeman's termination relate to an 'essential function' of Freeman's job." (Doc. # 83 at 9); *see Todd v. Fayette Cnty. Sch. Dist.*, 998 F.3d 1203, 1215–18 (11th Cir. 2021) (applying the burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), to an ADA discrimination claim). Allstate points to the following paragraph in the summary judgment opinion:

> An employer has a legitimate, non-discriminatory reason for terminating a disabled employee who can no longer perform the essential functions of his job. However, because there is a genuine dispute of material fact whether Mr. Freeman's restrictions were essential functions of his job, the legitimacy of the proffered reason is for trial, and the *McDonnell Douglas* analysis comes to a close.

(Doc. # 83 at 9 (citations omitted).)

Allstate contends that "where, as here, an employee is not actually disabled, and is thus not entitled to an accommodation for essential job duties, the inability to perform any part of his job, whether essential or not, can be a legitimate reason for not returning the employee to work." (Doc. # 102 at 11.) Allstate argues that the genuine dispute of material fact that the court found about whether lifting forty-plus pounds and pushing loaded carts were essential functions of Mr. Freeman's job should not have prevented Allstate from meeting its exceedingly light burden of production to show a legitimate, non-discriminatory reason for its decision to terminate Mr. Freeman. (Doc. # 83 at 13–14, # 102 at 8.)

Because an ADA regarded-as claim was not pleaded in the Complaint and thus is not properly before the court and because the court will vacate its order denying summary judgment on the ADA regarded-as claim, this argument need not be addressed.[7]

## IV. CONCLUSION

It is ORDERED that Allstate's motion for reconsideration of the court's summary judgment ruling on the ADA regarded-as claim (Doc. # 83) is GRANTED.

---

[7] It is noted, though, that Allstate's interpretation of the law leads to a seemingly odd result. Under Allstate's theory, a regarded-as-disabled plaintiff first must prove that he can perform the essential functions of his job without a reasonable accommodation (*see* Doc. # 77 at 27), but then can be terminated because he cannot perform the non-essential functions of his job.

Upon reconsideration, the court's order denying summary judgment (Doc. # 69) on the EEOC's ADA regarded-as claim is VACATED, and the court's opinion addressing the merits of an ADA regarded-as claim (*see* Doc. # 77, Part IV.B (except for the first paragraph in B.1., as modified in this Order, *see supra* note 4)) is VACATED.

It is further ORDERED that, because no claims remain for trial, the trial is CANCELLED, and the parties are relieved from complying with all pending deadlines.

Final judgment will be entered separately.

DONE this 11th day of January, 2023.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE
